42424. CITIZENS BANK OF HAPEVILLE v. STERLING.

HALL, Judge. After extensive litigation in which the following transactions were alleged, the defendant bank appeals to this court, enumerating as error the trial court's overruling of its renewed general demurrer to the cross action against it and the denial of its motion for summary judgment on this cross action.

One of the original defendants, Sterling, executed to Stovall, the original plaintiff, a note and security deed, which deed was subordinate to a security deed covering the same real estate to the Citizens Bank of Hapeville (hereinafter called the bank). Stovall sued Sterling and Holland for the proceeds of sale allegedly remaining after foreclosure and sale of the property by Holland for the holder of the first security deed, alleging that Holland wrongfully withheld these proceeds from Stovall. To this action Sterling filed a cross action in which he sought to make the bank and Central Builders Supply Co., Inc., transferee of the bank, parties defendant. In the cross action Sterling alleged that Stovall had contracted to build a building for Sterling on property owned by Sterling; that Holland acted as Sterling's attorney in drawing the contract with Stovall, that Holland acted as attorney for Sterling and as agent for the bank in obtaining a $2,500 building loan from the bank for Sterling, for which Sterling gave the bank the note and security deed covering the real estate; that the bank transferred the note and security deed to Central Builders, purportedly to secure an open account owed by Stovall to Central Builders, and that Holland acted as attorney for Central Builders and as agent of the bank in this transfer; that Holland acted as the bank's agent and as attorney for Central Builders in the alleged foreclosure proceedings; that the bank without authority

paid to Stovall the amount of money that Sterling was being charged with in Stovall's suit; that Stovall had failed to perform his obligation under the building contract; and that the bank jointly with Stovall, Holland and Central Builders had caused Sterling to lose his property and business and wilfully and wantonly injured and damaged him. *Held:* The court has been unable to identify or adjudge any cause of action against the bank from these allegations. When the court called upon counsel for briefs to illuminate the claimed right of recovery against the bank, the contention was made that the bank through "double dealing" of its agent defrauded Sterling and caused him to lose his business and property, with no citation of supporting authority. We hold that the trial court erred in overruling the bank's general demurrer to the cross action, which was renewed independently of the other defendants, and that proceedings against the bank thereafter were nugatory.

*Judgment reversed. Deen and Quillian, JJ., concur.*

SUBMITTED NOVEMBER 7, 1966—DECIDED JANUARY 26, 1967.

*Preston L. Holland, Thomason & Rice, Alfred A. Rice,* for appellant.

*William T. Brooks,* for appellee.